## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

DAVID L. KIRBY, III,

                             Plaintiff,

         v.                                    5:21-CV-886
                                              (MAD/ATB)

B. HANKS, 0199, et al.,

                             Defendants.

DAVID L. KIRBY, III, Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review an amended complaint brought pursuant to 42 U.S.C. § 1983, filed by plaintiff David L. Kirby, III. (Dkt. No. 10). Plaintiff filed his original complaint on August 6, 2021. (Dkt. No. 1). The case was administratively closed due to plaintiff's failure to properly complete his application to proceed in forma pauperis ("IFP"). (Dkt. No. 2). The case was reopened on August 17, 2021. (Dkt. No. 6).

On August 12, 2021, plaintiff filed a "letter, which was interpreted as a request to amend his complaint to add medical care claims. (Dkt. No. 3, 9 at p.4). Plaintiff filed another letter regarding his medical care on August 19, 2021. (Dkt. No. 7). The court issued a text order on August 23, 2021, instructing plaintiff to address his medical care issues with the facility before bringing his claims to the court. (Dkt. No. 8). However, on August 23, 2021, the court also afforded plaintiff an opportunity to amend his complaint to raise any appropriate medical issues. Plaintiff has now filed a document which he refers to as his "Second" Amended Complaint, although it appears to be his

"First" Amended Complaint ("FAC"). (Dkt. No. 10).  The court will now conduct an initial review of plaintiff's submissions.

## II.    Initial Review

In my August 23, 2021 order, I found that plaintiff met the financial criteria for proceeding IFP.  However, in addition to determining whether plaintiff meets the financial criteria, the court must also consider the sufficiency of the allegations set forth in the amended complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when

plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II.    Facts and Procedural History

Plaintiff's original complaint named three officers of the Syracuse Police Department: Hanks, Harriman, and Solis. (Dkt. No. 1).  In his original pleading, plaintiff stated that, on an unspecified date, he was walking down Townsend Street in the City of Syracuse, when he was asked to stop. (Complaint ("Compl.") ¶ 4 (Facts)). Plaintiff stated that he put his hands up, he went down on his knees, and an officer put handcuffs on him. (*Id.*)  Plaintiff claimed that defendant Syracuse Police Officer B. Hanks approached plaintiff and asked why he was "running."  When plaintiff told defendant Hanks that he had not been running, the officer grabbed plaintiff's hand and twisted his fingers. (*Id.*)  Plaintiff states that "now my right ring finger is fracture[d]." (*Id.*)  Plaintiff's "Causes of Action" simply repeated each of the above facts, and plaintiff stated that he wished to sue for $90,000. (Compl. ¶¶ 5-6).

Plaintiff's subsequent letters indicated that he wished to bring "a medical law suit." (Dkt. No. 3, ¶ 4; Dkt. No. 7).  The original complaint appeared to be bringing a claim that one of the three officers used excessive force during plaintiff's arrest.  To the

extent that plaintiff wished to file an amended complaint, I directed plaintiff, in my August 23, 2021 order, to submit a ***complete pleading***, which would name all the defendants and all the claims which plaintiff wished to bring against particular defendants. (Dkt. No. 9 at 9-10).  I also instructed plaintiff on the concept of personal involvement.[1] (*Id.* at  7-8).

Notwithstanding plaintiff's letters indicating that he wished to bring an excessive force/medical care claim, plaintiff has now submitted a document in which he has omitted all of the police officer defendants and has added Judge Cecile as the only defendant in the action.  He has not named any medical care personnel or other individuals at the jail, who plaintiff believes to have denied him medical care.  Instead, plaintiff now makes all his claims against the Judge, as follows:

1. He's talking about ACDing my charges.

2 He's acting like I don't care like I have a learning disability which is discrimination.

3. Now he's pushing my court dates back which will be 14 months almost when I suppose to return to his court room.

(Dkt. No. 10).  Plaintiff wishes to sue for $ 500,000.00. (*Id.*)

## III.   Judicial Immunity

### A.   Legal Standards

With minor exceptions, judges are entitled to absolute immunity for actions

---

[1] Plaintiff failed to indicate how two of the officers were personally involved in plaintiff's alleged injury during his arrest, and to the extent that he wished to bring a medical care claim for incidents occurring in the jail, none of the named defendant Syracuse Police Officers appeared to have been personally involved in that medical care. (Dkt. No. 9).

relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991).  Judicial immunity was created to advance the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004).  Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).  Judicial immunity is immunity from suit, not just immunity from the assessment of damages.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

### B.  Analysis

The only defendant listed in plaintiff's FAC is the Honorable James Cecile, Syracuse City Court Judge, and the only claims that plaintiff makes against Judge Cecile pertain directly to his handling of plaintiff's criminal action.  Plaintiff's second claim states that Judge Cecil is acting "like I don't care," and "like I have a learning disability which is discrimination." (Dkt. No. 10).  It is unclear to what actions of Judge Cecil plaintiff is referring, and how he believes this constitutes "discrimination."  In any event, the claim clearly pertains to actions taken by the Judge while he was presiding over plaintiff's criminal case.

To the extent that plaintiff second claim could be interpreted as a claim against Judge Cecile based on the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§ 12101 et seq.,[2] courts in this circuit have held that judicial immunity extends to claims brought under the ADA. *Boyne v. Meyer*, No. 8:18-CV-0536 (GTS/DJS), 2018 WL 3862685, at *8 (N.D.N.Y. Aug. 14, 2018) (citing *Brooks v. Onondaga Cnty. Dep't. of Children & Family Servs.*, No. 17-CV-1186, 2018 WL 2108282, at *4 (N.D.N.Y. Apr. 9, 2018) (Dancks, M.J.) *Report and Recommendation adopted by* 2018 WL 2108187 (N.D.N.Y. May 7, 2018) (Sharpe, J.) (collecting cases)).  Thus, without more, this court must find that the FAC must be dismissed with prejudice in its entirety as against Judge Cecile.

## IV.  **Opportunity to Amend**

### A.  **Legal Standards**

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once. However, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B.  **Analysis**

Although plaintiff has already requested, and has been granted, one opportunity to amend his complaint, the court is concerned that he may not have fully understood

---

[2] The court is construing plaintiff's vague allegation very broadly.  It is completely unclear whether he could have stated a claim under the ADA based on this statement.  He does not claim to have a "learning disability," and it is unclear how Judge Cecile's conduct would be "discriminatory," even if plaintiff was perceived to have a learning disability.

this court's direction.  Thus, although plaintiff may not amend his complaint to name

Judge Cecile as a defendant, if he still wishes to make any other viable claims, he may

attempt to file a second amended complaint.  If he chooses to file another proposed

amendment, he must include all of his claims in one document and may not incorporate

by reference any of his previous pleadings.  He must also make specific claims against

specific defendants and indicate how each defendant or defendants is alleged to have

violated plaintiff's constitutional rights.  If he desires to bring medical care claims, he

must first address and issues with the facility by filing a grievance and appealing any

denial of the grievance.  Plaintiff is directed to wait until the District Court rules on this

Order and Report-Recommendation ***before he files any proposed amended complaint***.

WHEREFORE, based on the above, it is

RECOMMENDED, that plaintiff's FAC (Dkt. No. 10) be **DISMISSED WITH**

**PREJUDICE and WITHOUT OPPORTUNITY TO AMEND** as against Defendant

Cecile based on absolute judicial immunity. 28 U.S.C. § 1915 (e)(2)(B)(iii).  Plaintiff

should not have the opportunity to amend as against Judge Cecile, and it is

RECOMMENDED, that if the District Judge adopts this Recommendation,

plaintiff be given **FORTY-FIVE DAYS** from the date of the District Judge's Order to

file a Second Amended Complaint which may raise any excessive force or medical care

claims against specific defendants that he attempted to raise in his original complaint or

in his letters to the court, and it is

RECOMMENDED, that if the District Judge adopts this Order and Report-

Recommendation, plaintiff be instructed as follows:

7

**If plaintiff chooses to file another proposed amendment, he must include all of his claims in one document and may not incorporate by reference any of his previous pleadings. He must also make specific claims against specific defendants and indicate how each defendant or defendants is alleged to have violated plaintiff's constitutional rights. If he desires to bring medical care claims, he must first address any such issues with the facility by filing a grievance and appealing any denial of the grievance.**

and it is

**ORDERED**, **that plaintiff must wait until the District Court rules on this Order and Report-Recommendation** *before he files any proposed amended complaint*, and it is

**ORDERED**, that if the District Judge adopts this Order and Report-Recommendation, within 45 days thereafter, or at the end of any period of extended time ordered by the court, plaintiff may file a proposed amended complaint, and the Clerk is directed to return any amended pleading to me for my review, and it is

**ORDERED**, that if plaintiff fails to file a proposed amended complaint, the Clerk be directed to automatically dismiss the action without further review, and it is

**ORDERED,** that the Clerk of the Court shall serve a copy of this Order and Report-Recommendation on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636

(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 1, 2021

Andrew T. Baxter
U.S. Magistrate Judge