UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID L. KIRBY, III,

                                   **Plaintiff,**

  vs.                                                                5:21-CV-886
                                                                                      (MAD/ATB)

**B. HANKS, J. HARRIMAN, R. SOLIS, and
HONORABLE JUDGE CECILE,**

                                   **Defendants.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**DAVID L. KIRBY, III**
122 Dickerson Street
Syracuse, New York 13202
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action on August 6, 2021, alleging that Defendants used excessive force while arresting him on an unspecified date. *See* Dkt. No. 1. Thereafter, Plaintiff sought to amend his complaint to add a deliberate indifference claim relating to the lack of medical treatment he received while in custody. *See* Dkt. No. 3. In an August 23, 2021 Order, based on Plaintiff's letter indicating that he wished to add a medical indifference claim, Magistrate Judge Baxter deferred the initial review of the complaint and directed Plaintiff to file a complete amended complaint, which would include any facts relating to all claims he was seeking to pursue. *See* Dkt. No. 9.

      On August 27, 2021, Plaintiff filed a "second amended complaint." *See* Dkt. No. 10. In his second amended complaint, Plaintiff omitted any facts or claims relating to the originally named Defendants, and has added Judge Cecile as the only Defendant in this action. *See id.* In

this complaint, Plaintiff raises the following claims against Defendant Cecile: (1) "He's talking about ACDing my charges;" (2) "He's acting like I don't care like I have a learning disability which is discrimination;" and (3) "Now he's pushing my court dates back which will be 14 months almost when I suppose to return to his court room." *Id.*

In an Order and Report-Recommendation, Magistrate Judge Baxter recommended that the Court dismiss the second amended complaint with prejudice as to Defendant Cecile based on absolute judicial immunity. *See* Dkt. No. 11 at 5-6. Additionally, Magistrate Judge Baxter recommended that Plaintiff be afforded one final opportunity to amend his complaint to raise any excessive force or medical care claims that he attempted to raise in his original complaint and letter to the Court. *See id.* at 6-8. Neither party objected to the Order and Report-Recommendation.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) ... the court shall dismiss the case at any time if the court determines that - ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, \*1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff's claims against Defendant Cecile must be dismissed with prejudice due to absolute judicial immunity. *See Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004); *Boyne v. Meyer*, No. 8:18-cv-536, 2018 WL 3862685, \*8 (N.D.N.Y. Aug. 14, 2018) (citation omitted). Moreover, the Court finds that Plaintiff should be afforded one final opportunity to amend his complaint to assert the excessive force claim alleged in his original complaint and any medical indifference claim raised in his August 17, 2021 letter to the Court. Any amended complaint must include all claims in one document and may not incorporate by reference of the previous pleadings.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Order and Report-Recommendation (Dkt. No. 11) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's claims against Defendant Cecile are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff shall have one final opportunity to amended him complaint to raise any excessive force or medical indifference claims against any individuals who were personally involved in such claims; and the Court further

**ORDERS** that any amended complaint must be filed within **FORTY-FIVE (45) DAYS** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **FORTY-FIVE (45) DAYS** of the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 26, 2022
   Albany, New York

Mae A. D'Agostino
U.S. District Judge