UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID L. KIRBY, III,

                              Plaintiff,

    v.                                                       5:21-CV-886 (MAD/ATB)

B. HANKS, 0199, et al.,

                              Defendants.

DAVID L. KIRBY, III, Plaintiff pro se

ANDREW T. BAXTER
United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

**I.**    **Procedural Background**

The Clerk has sent to the court for review a second amended complaint brought pursuant to 42 U.S.C. § 1983, filed by plaintiff David L. Kirby, III. (Dkt. No. 23). Plaintiff filed his original complaint on August 6, 2021. (Dkt. No. 1). The case was administratively closed due to plaintiff's failure to properly complete his application to proceed in forma pauperis ("IFP"). (Dkt. No. 2). The case was reopened on August 17, 2021. (Dkt. No. 6).

On August 12, 2021, plaintiff filed a "letter," which was interpreted as a request to amend his complaint to add medical care claims. (Dkt. No. 3, 9 at p.4). Plaintiff filed another letter regarding his medical care on August 19, 2021. (Dkt. No. 7). The court issued a text order on August 23, 2021, instructing plaintiff to address his medical care issues with the facility before bringing his claims to the court. (Dkt. No. 8). On the same day, the court conditionally granted IFP and afforded plaintiff an opportunity to amend his complaint to raise any appropriate medical issues. (Dkt. No. 9).

On August 27, 2021, plaintiff filed what he referred to as his "second" amended complaint. (Dkt. No. 10). Plaintiff did not comply with this court's order (Dkt. No. 9), and instead, named the judge who was presiding over plaintiff's criminal case, making claims unrelated to either the excessive force claim or to his subsequent medical care. (*Id.*) Noting that this document was plaintiff's first amended complaint, I conducted another "initial" review. (Dkt. No. 11). On September 1, 2021, I issued an Order and Report-Recommendation ("ORR"), finding that any claims against the judge were barred by absolute immunity, and recommending that plaintiff be afforded one more opportunity to amend his complaint to allege excessive force or medical care claims against specific defendants. (*Id.*)

On April 26, 2022, the Honorable Mae A. D'Agostino adopted my ORR, dismissed the action against the judicial defendant, and directed the plaintiff to file an amended complaint. (Dkt. No. 22). On the same day, plaintiff filed the instant complaint, which has been docketed as his amended complaint ("AC"), but is actually plaintiff's second amended complaint ("SAC"), and the Clerk will be directed to amend the docket accordingly. (Dkt. No. 23). Prior to Judge D'Agostino's adoption of my ORR, plaintiff filed what he stated was a "new action" under the instant civil action number. (Dkt. Nos. 14, 16). Judge D'Agostino issued a text order, directing that the new complaint, and its accompanying motion for IFP, be filed as a separate action. (Dkt. No. 19). The new action has been filed as *Kirby v. SPD*, No. 9:22-CV-210 (MAD/ML).[1]

---

[1] The court notes that plaintiff's "new case" contains claims involving incidents which occurred on the same day as one of the incidents involved in the instant action. The SAC in this action 21-CV-

2

In my August 23, 2021 order, I found that plaintiff meets the financial criteria for proceeding IFP. However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when

---

886 states that defendant Syracuse Police Department ("SPD") Officer Hanks used excessive force during plaintiff's arrest on July 27, 2021 by hurting plaintiff's finger. Plaintiff's "new" action 22-CV-210 claims that defendant Hanks falsely imprisoned/arrested plaintiff on July 27, 2021. While the two cases are technically different because one can use excessive force during a valid arrest. However, it is likely that the two claims should be considered in the same action.

3

plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now proceed to review the SAC in 21-CV-886.

## II.     Facts in the SAC

Plaintiff has named SPD Officer B. Hanks ("0199") and the "Jamesville Correctional Facility." (SAC at 1-2). Plaintiff alleges that, on the night of July 27, 2021, he was "asked to stop" by defendant Hanks because Hanks thought that plaintiff was "a suspect he was looking for." (SAC at ¶ 6 - Facts). Plaintiff claims that defendant Hanks ultimately arrested plaintiff, but as he was handcuffing him, he "used excessive force where he tore the front of my right ring finger." (*Id.*) On the page entitled "Causes of Action," plaintiff states that the injury was caused by defendant Hanks "twisting" plaintiff's hand which resulted in the pain that he still feels in his ring finger. (SAC ¶ 7).

Plaintiff then discusses incidents which allegedly occurred at JCF after he was transferred there. (*Id.*) Plaintiff claims that he was exposed to, and contracted, COVID-19, "due to the way the facility move people around that worked in [sic] kitchen when they have [sic] own dorms or pods they where [sic] exposed to it then [sic] was moved by me then I ended up catching COVID-19." (*Id.*) Plaintiff seems to allege that he

4

contracted COVID-19 because of the way that inmates were "moved around" in the facility.

Plaintiff states that he wrote a grievance about the delay in getting x-rays for his finger, and states that the grievance was accepted, but the x-rays were negative, and plaintiff was told there was nothing wrong and no injury. (SAC ¶ 4(b), 4(c)). However, plaintiff does not include the delay in medical care as a claim in the SAC.[2] He seems to complain only about contracting COVID-19.

### III. Jamesville Correctional Facility

This is not the first time that plaintiff has sued JCF for the same alleged "conduct." In *Kirby v. Jamesville Correctional Facility*, No. 9:21-CV-87 (TJM/ML), plaintiff brought the identical claim against JAC regarding plaintiff's exposure to COVID-19. In his decision, dismissing plaintiff's claim without prejudice to amendment, Senior Judge McAvoy stated that "In order to state a claim pursuant to Section 1983, a plaintiff must allege '(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Kirby v. Jamesville Correctional Facility*, No. 9:21-CV-87 (TJM/ML) (Dkt. No. 17 at 5) (citing *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

Senior Judge McAvoy stated that "[a] correctional facility, like Jamesville C.F., is not a 'person' for purposes of Section 1983 and is therefore not amenable to suit." *Id.*

---

[2] The information about the grievance has been included in the form-complaint in response to the two questions: "Is there a prisoner grievance procedure at your facility?" - to which plaintiff responded in the affirmative, and "Did you present the facts relating to your complaint in this grievance program?" (SAC ¶ 4).

5

(citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989); *Whitley v. Westchester Cnty. Corr. Facility Admin.*, No. 97-CV-0420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997)).  On July 27, 2021, Judge McAvoy granted IFP, but dismissed plaintiff's claim without prejudice to amending his complaint to name specific defendants at JCF who were responsible for the alleged constitutional violations. (*Id.*)  Plaintiff did not do so, and the complaint was dismissed without prejudice, instead, plaintiff filed this SAC which again names JCF as a defendant. (Dkt. Nos. 22, 23 in 21-CV-87).

Plaintiff cannot sue the JCF, and he has had ample opportunity to comply with Judge McAvoy's order and amend his complaint to allege a specific defendant or defendants responsible for his alleged violation.  In my August 23, 2021 order, I explained the legal standards to plaintiff and specifically stated that he must identify any individual defendant or defendants who were allegedly responsible for the denial of medical care if he wished to amend his complaint to make such allegations.[3] (Dkt. No. 9 at 9). The court also notes that plaintiff has not included any claim of the denial of constitutionally adequate medical care for his finger to the causes of action in this SAC.[4]  In his original complaint, the alleged denial of medical care for his finger occurred at the Onondaga County Justice Center, not at JCF. (*See* Dkt. No. 3, ¶¶ 1, 2-3).

---

[3] I explained these concepts in the context of "personal involvement," but the result would be the same.  Plaintiff would have to name a defendant who was personally involved in the alleged violation, and naming JCF does not suffice. (Dkt. No. 9 at 6-10).

[4] Plaintiff was also warned that, if he filed an amended complaint, he must include all the claims he wished to bring and could not incorporate by reference any claims from previous pleadings. (Dkt. No. 9 at 10-11).

He mentioned this delay in the SAC only because he was answering a form-complaint question about his use of the grievance program at JCF.[5]  Thus, the claims against JCF must be dismissed.

## IV.  Excessive Force

### A.  Legal Standards

"'[A]ll claims that law enforcement officers have used excessive force ... in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard.'" *Ketcham v. City of Mount Vernon*, 992 F.3d 144, 148–49 (2d Cir. 2021) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis and internal quotation marks omitted)).  Examining the reasonableness of the force used "requires careful attention to the facts and circumstances of each particular case, including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quoting *Graham*, 490 U.S. at 396).  An officer may not constitutionally employ "a degree of force beyond that which is warranted by the objective circumstances of an arrest." *Cugini v. City of New York*, 941 F.3d 604, 612 (2d Cir. 2019).  It is well-established "that the use of entirely gratuitous force is unreasonable and therefore excessive." *Tracy v. Freshwater*, 623 F.3d 90, 99 n.5 (2d

---

[5] The question asks about the use of the grievance procedure at plaintiff's place of "present confinement," thus, it appears that this grievance about his finger was filed at JCF.  He may be attempting to allege a delay in obtaining x-rays for his finger after he was transferred to JCF, but he certainly never makes this claim in the body of the complaint and never indicates any individual(s) responsible for the delay.  Although not relevant to the decision herein, the court must point out that plaintiff never claims that he file a grievance about the COVID-19 issue.

Cir. 2010).

### B. Analysis

In my August 23, 2021 order, I outlined the above legal standards, and stated that although the allegations against defendant Hanks were vague, I assumed that plaintiff was alleging that alleging that defendant Hanks "used force on plaintiff's hand that was 'beyond that which was warranted' by the objective circumstances of the arrest or 'entirely gratuitous,' particularly when he alleges that he was already handcuffed at the time." (Dkt. No. 9 at 5-6). Plaintiff's SAC is more vague than the first, although, at least plaintiff has now included the date that he was arrested, and he has eliminated the two defendants that did not appear to have had any personal involvement in the conduct. He also now states that the excessive force and the injury to his finger occurred as defendant Hanks was putting the handcuffs on. I noted that the complaint was "sufficient in its current form to be served on defendant Hanks," and I make the same finding with respect to the SAC, even if plaintiff has omitted some of the facts that he included in the original complaint.

## V. Opportunity to Amend

### A. Legal Standards

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that

better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Analysis

As stated above, plaintiff cannot bring a claim against JCF. He has already been given a chance to amend his complaint to allege that specific individuals were responsible for his inadequate medical care, whether it be for a delay in his care at the Onondaga County Justice Center or any claim that there was deliberate indifference to his medical needs relating to his finger or COVID-19 at JCF. There is no amendment that will allow the plaintiff to sue JCF as an entity.[6] Thus, plaintiff's medical care claims against this defendant should be dismissed without prejudice, but without the opportunity to amend as against JCF.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that the Clerk is respectfully directed to file the instant pleading (Dkt. No. 23) as plaintiff's **Second Amended Complaint**, and it is

**ORDERED**, that plaintiff's motion to proceed IFP is **GRANTED**, and it is

**RECOMMENDED**, that the plaintiff's medical care claims against JCF be **DISMISSED WITHOUT PREJUDICE**, but without the opportunity to amend as against **JCF**, and it is

---

[6] Plaintiff has not included sufficient allegations to state a municipal liability claim against Onondaga County, which would be the municipality responsible for the administration of both the Onondaga County Justice Center and JCF. http://www.sheriff.ongov. net. In order to state a claim for municipal liability, plaintiff allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted). Plaintiff's vague allegations cannot serve to state a claim against Onondaga County.

**RECOMMENDED**, that if the court adopts this Order and Report-Recommendation, the case be returned to me to order service of the complaint on defendant Hanks, and it is

**ORDERED,** that the Clerk of the Court shall serve a copy of this Order and Report-Recommendation on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:   May 11, 2022

*[signature: Andrew T. Baxter]*
Andrew T. Baxter
U.S. Magistrate Judge