UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID L. KIRBY, III,

                              **Plaintiff,**

  vs.                                                      5:21-CV-886
                                                                (MAD/ATB)

**B. HANKS,** *SPD Police officer #01099*, **and
JAMESVILLE CORRECTIONAL FACILITY,**

                              **Defendants.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**DAVID L. KIRBY, III**
400 James Street
Apartment 619
Syracuse, New York 13203
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     *Pro se* Plaintiff David L. Kirby, III ("Plaintiff") commenced this action on August 6, 2021, alleging that Defendant B. Hanks used excessive force while arresting him. *See* Dkt. No. 1. Thereafter, Plaintiff sought to amend his complaint to add a deliberate indifference claim relating to the lack of medical treatment he received while in custody. *See* Dkt. No. 3. In an August 23, 2021 Order, Magistrate Judge Baxter deferred the initial review of the complaint and directed Plaintiff to file a complete amended complaint, which would include any facts relating to all claims he was seeking to pursue. *See* Dkt. No. 9.

     On August 27, 2021, Plaintiff filed another complaint, adding a judge as a Defendant and omitting facts and claims relating to the originally named Defendants. *See* Dkt. No. 10. This

1

Court adopted Magistrate Judge Baxter's Report-Recommendation and Order dismissing the August 27 complaint and affording Plaintiff opportunity to amend the complaint to raise excessive force or medical care claims as raised in the original complaint. *See* Dkt. Nos. 11, 22.

On April 26, 2022, Plaintiff filed a second amended complaint against Defendants Hanks and Jamesville Correctional Facility ("JCF"). *See* Dkt. No. 23. On May 12, 2022, Magistrate Judge Baxter issued a Report-Recommendation and Order recommending Defendant JCF be dismissed. *See* Dkt. No. 26.

Plaintiff has not filed objections. When a party declines to file an objection, the court reviews a recommendation for clear error. *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

Courts must afford *pro se* plaintiffs "special solicitude." *See Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994). "A document filed *pro se* is 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

The Court agrees with Magistrate Judge Baxter that the medical care claims against JCF, a prison facility, must be dismissed as Defendant JCF is not amenable to suit under Section 1983. *See Griffin v. Rikers Island House of Det. for Men*, No. 91-CV-1694, 1993 WL 17203, 1 (S.D.N.Y. Jan. 19, 1993) ("a prison facility like Rikers Island HDM is not a 'person' under § 1983"). Magistrate Judge Baxter correctly determined that any amendment to these claims against JCF would be futile, and as such, the Court will not allow Plaintiff to further amend claims against JCF.[1]

Taking Plaintiff's allegations as true and drawing all reasonable inference in their favor, it was not clear error for Magistrate Judge Baxter to find that Plaintiff sufficiently alleged for pleading purposes an excessive force claim against Defendant Hanks. *See Graham v. Connor*, 490 U.S. 386, 395 (1989).

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report-Recommendation and Order (Dkt. No. 26) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's medical care claims against JCF are **DISMISSED WITHOUT PREJUDICE**, but without opportunity to amend as to JCF; and the Court further

**ORDERS** that Defendant JCF is **DISMISSED** from this action; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules; and the Court further

---

[1] Notably, Plaintiff previously was granted leave to amend and instructions from Judge McAvoy and Magistrate Judge Baxter as to forming allegations in the complaint. *See* Dkt. No. 26 at 9; Dkt. No. 9 at 6-10; *Kirby v. Jamesville Correctional Facility*, No. 9:21-CV-87, Dkt. No. 17 (N.D.N.Y. July 27, 2021).

      **ORDERS** that the Clerk of the Court shall return the complaint to Magistrate Judge Baxter for service of the complaint.

**IT IS SO ORDERED.**

Dated: April 10, 2023
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge