**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID L. KIRBY, III,**

                             **Plaintiff,**

     **vs.**                                    **5:21-CV-886**
                                              **(MAD/MJK)**

**BRANDON HANKS,**

                            **Defendant.**
_____

**APPEARANCES:**                     **OF COUNSEL:**

**DAVID L. KIRBY, III**
05002304
Onondaga County Justice Center
555 South State Street
Syracuse, New York 13202
Plaintiff, _pro se_

**THE REHFUSS LAW FIRM, P.C.**      **STEPHEN J. REHFUSS, ESQ.**
40 British American Blvd.
Latham, New York 12110
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

      On August 6, 2021, _pro se_ Plaintiff David L. Kirby, III, commenced this action by filing a

complaint. _See_ Dkt. No. 1. Plaintiff did not pay the Court's filing fee or file a motion to proceed

_in forma pauperis_ ("IFP"), and the Court administratively closed the case. _See_ Dkt. No. 2.

Plaintiff subsequently filed a motion to proceed IFP. _See_ Dkt. No. 4. Plaintiff filed an amended

complaint. _See_ Dkt. No. 10. Upon review of his amended complaint, the Court dismissed

Plaintiff's complaint without prejudice and with leave to amend. _See_ Dkt. No. 11. Plaintiff filed a

second amended complaint.  *See* Dkt. No. 23.  The Court permitted only an excessive force claim

against Defendant Brandon Hanks to proceed.  *See* Dkt. No. 36.  Plaintiff alleged that while he

was being arrested on July 27, 2021, Defendant used excessive force when handcuffing Plaintiff

such that it "tore the front of [Plaintiff's] ring finger."  Dkt. No. 23 at 4.  Defendant answered the

complaint.  *See* Dkt. No. 46.

      Presently before the Court is Defendant's motion for summary judgment.  *See* Dkt. No. 67.

Plaintiff responded in opposition.  *See* Dkt. No. 70.  For the following reasons, Defendant's

motion is granted.

## II. BACKGROUND

      Plaintiff's operative complaint alleges, in relevant part, as follows:

> I was asked [sic] to stop Officer Hank at nighttime on July 27, 2021
> because he thought I was a suspect he was looking for.  After they
> did what they did I was placed in handcuffs by Officer Hanks.
> When he placed the cuffs [sic] on me he used excessive force where
> he tore the front of my right finger. . . .  Placed in handcuffs which
> he used excessive force twisting my hand which resulted to the
> injury I still feel to my right ring finger.

Dkt. No. 23 at 4-5.

      As set forth in Defendant's statement of material facts, Defendant is a Syracuse Police

Officer who was working on July 27, 2021.  *See* Dkt. No. 67-3 at ¶¶ 1-2.  At approximately 11:26

PM, Defendant received a dispatch call for drug trafficking and gun violence.  *See id.* at ¶¶ 3-4.

As Defendant and Officer J. Harriman were searching the area identified in the dispatch call,

Defendant noticed a male "acting suspiciously."  *Id.* at ¶ 5.  Plaintiff "was speed walking" down

the street and "holding his waistband and continuously looking back."  *Id.* at ¶ 6.  Defendant

believed Plaintiff might have been carrying a weapon and Plaintiff matched the description of the

individual the officers were looking for.  *See id.* at ¶¶ 7-8.  As Defendant and Officer Harriman

pursued Plaintiff, Plaintiff ran across the street and around a corner.  *See id.* at ¶ 9.  Once the

officers caught up with Plaintiff, he dropped to his knees.  *See id.* at ¶ 10.

  Defendant then placed Plaintiff in handcuffs.  *See id.* at ¶ 14.  After being in the handcuffs

for approximately two minutes, Defendant "lock[ed] out the handcuffs to ensure that they would

not tighten with movement and explain[ed] to [Plaintiff] what he was doing."  *Id.* at ¶ 15.

Defendant patted Plaintiff down and escorted him to a Syracuse Police Department vehicle.  *See*

*id.* at ¶¶ 16-17.  Plaintiff entered the backseat of the vehicle without any assistance.  *See id.* at ¶

18.

  Plaintiff's entire response to Defendant's motion states as follows:

> I David L Kirby III is [sic] responding to the motion for summary
> judgment.  That you should not dismiss none [sic] of my cases
> because I filed a lawsuit as soon as I got upstairs in the Justice
> Center and received all paperwork to file one.  Months later I filed
> one soon as I found out he violated my rights which turned
> unconstitutional from what happen [sic] when I was in jail.
> Another reason to not dismiss my cases is because they are trying to
> use what I'm in jail for now which [does not have anything] to do
> with the lawsuit.  So please don't dismiss my excessive force or
> civil rights lawsuit.  I am writing this to the best of my ability.  I am
> pro se and this is my first time.

Dkt. No. 70.[1]

---

[1] Plaintiff has filed six other *pro se* complaints in this Court.  Three of them concern the exact same conduct underlying this case.  *See Kirby v. SPD, et al.*, 9:22-CV-210; *Kirby v. Hanks*, 5:24-CV-124; *Kirby v. Hanks, et al.*, 9:21-CV-1030.  Two of Plaintiff's seven cases have been dismissed for failure to state a claim.  *See Kirby v. Jamesville Corr. Fac.*, 9:21-CV-87, Dkt. No. 23; *Kirby v. Cruz et al.*, 9:24-CV-264, Dkt. No. 10.  Another case has been dismissed for failure to pay the filing fee or complete an IFP application.  S*ee Kirby v. SPD et al.*, 9:22-CV-210, Dkt. No. 13.  A fourth case was dismissed for failure to comply with the deadlines for filing an amended complaint.  *See Kirby v. Hanks*, 5:24-CV-124, Dkt. No. 17.  The Court cautions Plaintiff about the "three strikes" rule.  "The 'three strikes' rule of 28 U.S.C. § 1915(g) prohibits the filing of an IFP action when the plaintiff has had federal actions or appeals dismissed on at least three prior occasions, either for failure to state a claim or for frivolousness."  *Grefer v. New York State Dept/Bd. of Educ.*, No. 5:23-CV-178, 2023 WL 4073751, *2 (N.D.N.Y. June 20, 2023).

## III. DISCUSSION

**A.     Local Rule 56.1**

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file a response "admitting and/or denying each of the movant's assertions" in the movant's Statement of Material Facts, and "[e]ach denial shall set forth a specific citation to the record where the factual issue arises." N.D.N.Y. L.R. 56.1(b). Where the opposing party fails to follow Local Rule 56.1(b), the Court shall accept the properly supported facts stated in the movant's Statement of Material Facts. *See id.* ("The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert"). While this Court must construe a *pro se* litigant's pleadings and papers liberally and interpret them to raise the strongest arguments that they suggest, this standard "does not excuse a *pro se* litigant from following the procedural formalities of summary judgment," including Local Rule 56.1(b). *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (citing *Showers v. Eastmond*, No. 00-CV-3725, 2001 WL 527484, *4 (S.D.N.Y. May 16, 2001)). "The courts of the Northern District have adhered to a strict application of Local Rule [56.1]'s requirement on summary judgment motions." *Id.* (citations omitted).

Plaintiff has not even attempted to comply with Local Rule 56.1's mandate. Therefore, Defendant's facts, as properly supported by Defendant's sworn affidavit, body camera footage, and Plaintiff's deposition testimony, are deemed admitted for purposes of ruling on Defendant's motion for summary judgment.

**B.     Summary Judgment Motion**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue

warrant judgment for the movant as a matter of law.  *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted).  When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried."  *Id.* at 36-37 (quotation and other citation omitted).  Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(c)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party.  *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).  Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions.  *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan*, 289 F. Supp. 2d at 295 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  However, this does not mean that a *pro se* litigant is excused "from following the procedural requirements of

summary judgment." *Id.* (citation omitted). Specifically, "a pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

"The Fourth Amendment provides that '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.'" *Jennings v. Decker*, 359 F. Supp. 3d 196, 205 (N.D.N.Y. 2019) (quoting U.S. Const. amend. IV). "That language has been interpreted as 'protect[ing] persons from the use of excessive force by state police officers incident to an arrest.'" *Id.* (quoting *Messina v. Mazzeo*, 854 F.Supp. 116, 128 n.6 (E.D.N.Y. 1994)). "Fourth Amendment claims of excessive force are governed by an objective reasonableness standard, such that no claim will lie when 'the force used by the officers was objectively reasonable under the circumstances.'" *Id.* (quotation omitted). "In making this determination, courts examine 'the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [wa]s actively resisting arrest or attempting to evade arrest by flight.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.'" *Id.* (quoting *Brown v. City of New York*, 798 F.3d 94, 107 (2d Cir. 2015) (additional quotations omitted).

Specifically, in the context of handcuffing an arrestee, the Second Circuit has affirmed the consideration of factors such as: "'(1) the [arrestee's] handcuffs were unreasonably tight; (2) the defendants ignored the arrestee's pleas that the handcuffs were too tight; and (3) the degree of injury to the [arrestee's] wrists.'" *Cugini v. City of New York*, 941 F.3d 604, 612 (2d Cir. 2019) (quoting *Esmont v. City of New York*, 371 F. Supp. 2d 202 (E.D.N.Y. 2005)). However, the

Second Circuit has also explained that "a plaintiff asserting a claim for excessive force need not always establish that []he alerted an officer to the fact that [his] handcuffs were too tight or causing pain.  The question is more broadly whether an officer reasonably should have known during handcuffing that his use of force was excessive."  *Id.*  "A plaintiff satisfies this requirement if either the unreasonableness of the force used was apparent under the circumstances, or the plaintiff signaled [his] distress, verbally or otherwise, such that a reasonable officer would have been aware of [his] pain, or both."  *Id.* (collecting cases); *see also Usavage v. Port Auth. of New York & New Jersey*, 932 F. Supp. 2d 575, 593 (S.D.N.Y. 2013) ("Courts may decide excessive force claims, including claims arising from allegations of excessively tight handcuffs, on motions for summary judgment") (collecting cases).

Plaintiff presents no evidence or argument to dispute Defendant's motion for summary judgment or statement of material facts.  Plaintiff does not assert that Defendant's handcuffing of Plaintiff was plainly unreasonable or that Plaintiff manifested clear signs of distress.  The Court has reviewed Defendant's body camera footage which depicts his entire interaction with Plaintiff from the foot pursuit, handcuffing, locking out the handcuffs, and escorting Plaintiff to a vehicle. There is not a single use of force, let alone excessive force, depicted at any time in the video footage.  Plaintiff did not exert any signs of distress.  Plaintiff was entirely compliant and put himself inside of the vehicle, unassisted.

As Defendant explains, Plaintiff has also failed to present any evidence of his purported finger injury.  *See* Dkt. No. 67-1 at 8.  In any event, "[t]he Second Circuit and district courts in the Circuit recognize that when the 'injury resulting from alleged excessive force' is *de minimis*, 'the excessive force claim is dismissed.'"  *Smith v. Sawyer*, 435 F. Supp. 3d 417, 440 (N.D.N.Y. 2020) (quoting *Jackson v. City of New York*, 939 F. Supp. 2d 235, 253 (E.D.N.Y. 2013)) (additional

7

quotation and citations omitted).   "'Injuries held to be *de minimis* for purposes of defeating excessive force claims include short-term pain, swelling, and bruising, brief numbness from tight handcuffing, claims of minor discomfort from tight handcuffing, and two superficial scratches from a cut inside the mouth.'"  *Id.* (quotations omitted).   Plaintiff's blanket and unsupported assertions that he was subjected to excessive force that "tore the front of [his] right ring finger" which he "still feel[s]" are insufficient to establish more than *de minimis* injuries.  Dkt. No. 23 at 4; *see also* Dkt. No. 70; *Kaid v. Rudnikc*, No. 15-CV-548, 2018 WL 3850828, *6 (W.D.N.Y. June 26, 2018) (granting summary judgment on excessive force claim where, inter alia, despite the plaintiff alleging that after he was handcuffed, he was "punched several times in the stomach, side and back area," and then thrown to the ground and "kicked numerous times in the stomach and finally in the groin area" where his only claimed injury was "soreness").

To be sure, "a 'plaintiff's testimony about the injuries and subsequent treatment alone [can be] sufficient to support an excessive force claim on a motion for summary judgment.'"  *Usavage*, 932 F. Supp. 2d at 593 (quotation and citation omitted).  During his deposition, Plaintiff testified that Defendant "brought [his] hand up tightly."  Dkt. No. 67-8 at 17.  Plaintiff repeated that Defendant "brought his hands up" multiple times.  *See id.* at 19-20.  He testified that he said, "ah shit."  *Id.* at 21.  He stated that when he "was getting set down in the car and the cuffs was getting put on me, my hand was – that's when we got – ring finger got hurt."  *Id.* at 23.  Plaintiff later asserted that Defendant injured his right ring finger when he put the handcuffs on Plaintiff.  *See id.* at 25-26.  Plaintiff stated that "the doctors they aint do nothing [sic].  They just said it's probably fractured.  They gave me ibuprofen."  *Id.* at 28.  Plaintiff's finger was never X-rayed. *See id.* at 28-30.  Plaintiff never sought other medical treatment.  *See id.* at 31.

Plaintiff has failed to raise any dispute about Defendant's conduct or his own injuries.  The body camera footage directly refutes Plaintiff's contradictory deposition testimony.  There is no evidence that Defendant's conduct was unreasonable or that Plaintiff suffered a more than *de minimis* injury.  Rather, based on the present record, Defendant's conduct did not constitute excessive force as a matter of law.

Finally, on August 30, 2024, Plaintiff field a letter with the Court.  *See* Dkt. No. 79.  In his letter, Plaintiff asks for "$10 million dollars for excessive force when Officer Brandon Hanks fracture[d] my right ring finger when he balled my hand up when he was cuffing me."  *Id.*  Plaintiff also states that he was subjected to a false arrest and false imprisonment as well as a Fourteenth Amendment violation for the pat frisk conducted by Defendant.  *See id.*  Plaintiff contends that he has experienced cruel and unusual punishment while incarcerated and a violation of his Equal Protection rights because of his race.  *See id.*

Even with the special solicitude and liberal construction that the Court must show *pro se* litigants and their filings, Plaintiff has failed to sufficiently dispute Defendant's motion for summary judgment.  Plaintiff has presented no evidence concerning his Eighth Amendment claim, and any other purported claims related to his arrest are not before this Court.  The only claim that the Court permitted to proceed past initial review was Plaintiff's Eighth Amendment excessive force claim against Defendant.  *See* Dkt. No. 36.  Plaintiff has failed to support that claim; therefore, Defendant's summary judgment motion is granted.

### IV. CONCLUSION

After careful review of the record, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 67) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 24, 2024
      Albany, New York

**Mae A. D'Agostino**
**U.S. District Judge**